*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

THOMAS HAWTHORNE-CHARLES PONDS,

Defendant-Appellant.

UNPUBLISHED
March 28, 2019

No. 341145
Oakland Circuit Court
LC No. 2016-260670-FC

Before: MURRAY, C.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (defendant 17 years of age or older and victim under 13 years of age), and second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (victim under 13 years of age). As a second-offense habitual offender under MCL 769.10, defendant was sentenced to concurrent sentences of 25 to 50 years' imprisonment for the CSC-I conviction and 5 to 22½ years' imprisonment for the CSC-II conviction. We affirm.

On appeal, the sole issue that defendant presents is whether the guilty verdicts were against the great weight of evidence. This Court's review is limited to "issues that are properly raised and preserved at trial." *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). "To preserve a great-weight claim, a party must move for a new trial in the trial court." *Id*. Defendant raised this issue in this Court by a motion to remand for an evidentiary hearing and for a new trial (which was denied by this Court), but he did not move for a new trial in the trial court. Consequently, the issue is not preserved.

In determining a properly preserved great-weight issue, this Court "must decide whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Id*. With regard to an unpreserved great-weight issue, this Court reviews for plain error affecting the defendant's substantial rights. *Id*. at 618. In other words, the defendant has the burden of showing "that (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error prejudiced substantial rights, i.e., the error affected the outcome of the lower court proceedings." *Id*., citing *People v Carines*, 460 Mich 750, 763; 597

NW2d 130 (1999). But even when the defendant satisfies these requirements, this Court maintains discretion in deciding whether to reverse; reversal is warranted only when the plain error affected the fairness, integrity, or public reputation of judicial proceedings. *Cameron*, 291 Mich App at 618. Notably, a victim's testimony does not need to be corroborated in prosecutions under MCL 750.520b or MCL 750.520c. MCL 750.520h.

The elements of CSC-I are "(1) the defendant engaged in sexual penetration, (2) with a person under 13 years of age." *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014); see also MCL 750.520b(1)(a). Sexual penetration means any intrusion, "however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body." MCL 750.520a(r); *Duenaz*, 306 Mich App at 107.

"The elements of CSC-II are (1) the defendant engaged in sexual contact, (2) with a person under 13 years of age." *Duenaz*, 306 Mich App at 106; see also MCL 750.520c(1)(a). Sexual contact includes the intentional touching of a person's "intimate parts" or the intentional touching of the clothing covering the immediate area of a person's intimate parts, "if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner" for revenge, to inflict humiliation, or out of anger. MCL 750.520a(q); *Duenaz*, 306 Mich App at 106-107. "Intimate parts" includes "the primary genital area, groin, inner thigh, buttock, or breast." MCL 750.520a(f); *Duenaz*, 306 Mich App at 107. In determining whether touching reasonably can be construed as being for a sexual purpose, conduct should be objectively viewed under a reasonable person standard. *People v DeLeon*, 317 Mich App 714, 719-720; 895 NW2d 577 (2016).

With regard to CSC-I, the victim testified that defendant touched and rubbed the outside of her vagina with his hand and stuck his fingers inside her vagina when she was under the age of 13. With regard to CSC-II, the victim testified at trial that defendant rubbed her chest with his hands when she was under the age of 13. Although defendant did not present any witnesses of his own, he challenged this evidence during the victim's cross-examination.

While defendant acknowledges that the victim's testimony was constitutionally sufficient to support his convictions, see *Jackson v Virginia*, 443 US 307; 99 S Ct 2781; 61 L Ed 2d 560 (1979), he nevertheless argues that the jury's guilty verdicts were against the great weight of the evidence because the victim was not a credible witness. According to defendant, the victim was not credible because certain aspects of her trial testimony were inconsistent with her prior testimony at the preliminary examination and her prior statements made at the Care House interview. Defendant points to the following alleged inconsistencies: (1) she testified at trial that her shirt was pulled up and her underwear was pulled down, while at the interview she said that her clothes were taken off, (2) at trial she stated that defendant rubbed Vaseline or grease on her, but at the interview she indicated that it was Vaseline, (3) her trial testimony was that defendant was on the bed during the assault, yet at the interview she said that he was kneeling on the floor, and (4) she testified at trial that defendant was assaulting her when her mother entered the house, but at the preliminary examination her testimony was that he was standing in the doorway when her mother entered. In addition, defendant identifies inconsistencies in the victim's testimony regarding her age and school grade level at the time of the alleged assault, i.e., whether she was seven years old and in the fourth grade. These inconsistencies, according to defendant, create a

reasonable doubt that the incident occurred. He further argues that the circumstances surrounding the victim's reporting of the assault are "inherently suspicious."

But questions of fact and credibility issues fall within the province of the jury. *People v Lemmon*, 456 Mich 625, 637; 576 NW2d 129 (1998). "As the trier of fact, the jury is the final judge of credibility." *Id*. (quotation marks and citation omitted). Over the course of the two-day trial, the jury was able to see and hear the evidence presented, including the victim's testimony. Inconsistencies between her trial testimony, her statements made during the Care House interview, and her preliminary examination testimony were covered and heard by the jury. The jury clearly believed the victim's testimony and found her to be a credible witness.

Generally, conflicting testimony or a question regarding the credibility of a witness is not a sufficient ground for granting a new trial. *Id*. at 643. A court may substitute its own view of the credibility of a witness only in exceptional circumstances: (1) "if the testimony contradicts indisputable physical facts or laws," (2) if the testimony "is patently incredible or defies physical realities," (3) if the "testimony is material and so inherently implausible that it could not be believed by a reasonable juror," or (4) if the "testimony has been seriously impeached and the case is marked by uncertainties and discrepancies." *Id*. at 642-644 (quotation marks and citations omitted). Defendant has not demonstrated how any of these exceptions apply in the instant case. None of the testimony discussed by defendant in his brief on appeal contradicted indisputable physical facts or laws, was patently incredible or defied physical realities, was so inherently implausible that it could not be believed by a reasonable juror, or was seriously impeached.

Defendant points out various inconsistencies in the victim's testimony, but those inconsistencies related to relatively minor details. We note that it is not remarkable that someone's memories of peripheral details accompanying a traumatic sexual assault, which occurred approximately 10 years earlier when the person was under the age of 10, might differ or might not be clear. For example, whether the victim was wearing a Mickey Mouse shirt or shorts during the assault and whether her clothes were pulled partially off or completely off does not strongly relate to her credibility regarding whether defendant assaulted her. Whether defendant was on the bed during the assault or kneeling on the floor next to the bed also is not material. Whether defendant was assaulting the victim when her mother entered the house or whether defendant had completed his assault and was standing in the doorway when the mother entered also is not important enough to render the verdicts against the great weight of the evidence because it does not bear upon the ultimate question of whether defendant assaulted her. Whether the victim was seven years old, eight years old, or nine years old when she was assaulted also is immaterial to proving both CSC-I and CSC-II since she was undoubtedly under the age of 13, which is the age of statutory significance. Likewise, whether she was in the third grade or fourth grade is not outcome-determinative on charges of CSC-I and CSC-II when the victim is under 13 years of age. Finally, the circumstances surrounding the victim's reporting of

the assault did not constitute one of the exceptional circumstances warranting judicial intervention.[1]

In sum, we hold that the victim's testimony was not so incredible or contradictory that the jury's credibility determination may be substituted. While there were some inconsistencies between the victim's trial testimony and her prior statements, it cannot be said that her testimony describing defendant committing CSC-I and CSC-II was "deprived of all probative value or that the jury could not believe it." *Id.* at 643 (quotation marks and citation omitted). Because the inconsistencies dealt with relatively minor details accompanying the sexual assault, the jury easily could have found that, despite these inconsistencies, the victim was credible pertaining to the underlying facts constituting the sexual assaults. As a result, the evidence did not heavily preponderate against the verdicts, and defendant has failed to prove the existence of any plain error that affected the outcome of the trial.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael F. Gadola
/s/ Jonathan Tukel

---

[1] Defendant also relies on a purported discrepancy between the victim's trial testimony in which she stated that defendant rubbed her chest with "Vaseline or grease" and her Care House interview in which she stated that defendant used "Vaseline." To call these descriptions as being discrepant is a stretch. Nevertheless, to the extent that any "discrepancy" exists, it is so minor that it cannot impeach the salient portions of the victim's trial testimony—that defendant rubbed her chest and penetrated her vagina.

-4-